# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOSHUA KEITH BOYER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICARDO RIOS, *Warden*, )<br>)<br>Respondent. )<br>) | Case No. 11-cv-1060 |

## O P I N I O N & O R D E R

Before the Court is Petitioner Joshua Keith Boyer's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), Memorandum in Support (Doc. 2), and Compendium of Exhibits in Support (Doc. 3). Petitioner is an inmate at the Pekin Federal Correctional Institution in Pekin, Illinois. In July of 2001, Petitioner was tried by a jury and convicted, *inter alia*, of violating 18 U.S.C. § 924(c)(1)(A), which makes it a crime to carry, use, or possess a firearm in the furtherance of a crime of violence or drug trafficking. (Doc. 2 at 2). According to Petitioner, in rendering its verdict, the jury did not need to make clear what type of firearm it found Petitioner to have carried, used, and/or possessed. (Doc. 2 at 2). However, during sentencing, the district court applied the provisions of § 924(c)(1)(B)(i) to enhance Petitioner's sentence based upon a finding that the firearm used was "a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon." (Doc. 2 at 3).

In *United States v. O'Brien*, 130 S.Ct. 2169 (2010), the Supreme Court ruled that § 924(c)(1)(B)(i) is an element of the charged offense, rather than a sentencing factor to be considered by the judge. In his Petition for Writ of Habeas Corpus pursuant to § 2241, Petitioner argues that he is actually innocent of this element of the offense, for which he received a mandatory consecutive sentence of ten years. The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case. *See* Rule 1(b) Governing Section 2254 Cases in the District Courts.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit. Therefore, Respondent will be directed to respond to the Petition.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the § 2241 Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims

---

[1] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>22nd</u> day of February, 2011.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                   United States Senior District Judge